**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NOTICIA C. HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | `FILED: JULY 07, 2008` |
| | ) | `08CV3850` |
| MEDTRONIC CO. CRD LEGAL | ) | `JUDGE GUZMAN` |
| DEPARTMENT, | ) | `MAGISTRATE JUDGE COLE` |
| | ) | `RCC` |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Medtronic, Inc., incorrectly sued as Medtronic Co. CRD Legal Department, a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota ("Medtronic"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of its removal of the above-captioned case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.  The grounds for removal are as follows:

1.      Pro se Plaintiff commenced this action by filing a complaint on June 16, 2008 in the Circuit Court of Cook County, Illinois, and the case was docketed at 08 M 62632.  The complaint names "Medtronic Co. CRD Legal Department" as Defendant.  No such entity exists, but Medtronic assumes that the pro se Plaintiff was referring to the Cardiac Rhythm Disease Management Division ("CRDM Division")—an unincorporated business unit of Medtronic, Inc. (*see* Exhibit A hereto (Affidavit of Keyna P. Skeffington))—and that Plaintiff intended to sue Medtronic, Inc.  Indeed, the caption of the pro se Plaintiff's alias summons, filed on June 30, 2008 names Medtronic, Inc. as the defendant.

2.     A copy of an alias summons purporting to set this case for a July 8, 2008 trial was delivered to Medtronic on July 3, 2008.  Medtronic has procured a copy of the complaint and original summons which, upon information and belief, have not been served upon Medtronic.  A true and correct copy of the complaint, summons, and alias summons are attached hereto as Exhibit B.  Upon information and belief, no other pleadings or papers have been filed in this litigation.

3.     Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service of the complaint and summons.  Since Defendant is filing this Notice on July 3, 2008, removal is timely.

4.     The time for Defendant to answer, move, or otherwise plead with respect to the complaint has not yet expired.

5.     Concurrent with the filing of this Notice, Defendant is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court of Cook County, Illinois.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d) and 1441(a), because the United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where this action was originally filed.

6.     By filing a Notice of Removal in this matter, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## DIVERSITY OF CITIZENSHIP

7.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Kancewick v. Howard*, No. 08 C 229, 2008 U.S. Dist. LEXIS 27487, at *2 (N.D. Ill. Apr. 3, 2008).

8.     Complete diversity exists between the parties to this action. Medtronic is a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota, and thus is a citizen of Minnesota. *See* Exhibit A hereto (Affidavit of Keyna P. Skeffington); *Branson v. Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094, at *4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic on the ground that Medtronic's principal place of business is in Minnesota).

9.     Upon information and belief, Plaintiff is a resident and citizen of Park Forest, Illinois. *See* Compl. (signature block).

10.     Accordingly, complete diversity exists in this action.

## AMOUNT IN CONTROVERSY

11.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. "An inquiry into determining the amount in controversy typically starts with the face of the complaint, where the plaintiff's request for relief indicates the value of the claim." *Jennings v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 03 C 5766, 2003 U.S. Dist. LEXIS 17710, at *8 (N.D. Ill. Oct. 2, 2003).

13.     Here, Plaintiff alleges in her Complaint that she suffered 26 inappropriate shocks from her defibrillator.  Compl.  She alleges that she has "lost [her] life," that she has "shut down" completely, and that "[her] life is a mess."  *Id.*  She further alleges that she is "afraid that if [she] move[s] [she] will be shocked."  *Id.*  Plaintiff specifically seeks an award of $100,000 in damages.  *See id.* (amount claimed); *see also* Alias Summons (amount claimed).

14.     The amount in controversy requirement is plainly satisfied where, as here, a plaintiff specifically requests damages in an amount greater than the jurisdictional minimum. *E.g., Pietras v. Sentry Ins. Co.*, No. 06 C 3576, 2006 U.S. Dist. LEXIS 83256, at *4 (N.D. Ill. Nov. 3, 2007) (recognizing diversity jurisdiction for removal where plaintiff sought a declaration that she was entitled to $400,000 from defendant), *Jennings*, 2003 U.S. Dist. LEXIS 17710, at *8 (noting that defendant and the court "are entitled to rely on [plaintiff's] assessment of his damages in the complaint").

15.     Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendant.[1]

WHEREFORE, Notice is given that this action is removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

---

[1]     On February 21, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") granted various plaintiffs' motions to transfer cases related to Sprint Fidelis leads to a single District Court for consolidated or coordinated treatment, and selected the Honorable Richard H. Kyle of the United States District Court for the District of Minnesota to preside over the MDL proceedings (MDL No. 1905).  Upon information and belief , and based upon a review of Medtronic records indicating that Plaintiff here was implanted with a Sprint Fidelis lead, the undersigned counsel will promptly notify the JPML that this case is a tag-along action, and undersigned counsel expect that the JPML will transfer this case to Judge Kyle shortly.

DATED:  July 7, 2008                    Respectfully submitted,

                                        MEDTRONIC, INC.,


                                        By:  /s/ Daniel L. Ring
                                               One of its Attorneys

                                        Daniel L. Ring
                                        Michael A. Olsen
                                        Catherine L. Doyle
                                        Mayer Brown LLP
                                        71 S. Wacker Drive
                                        Chicago, IL 60606
                                        dring@mayerbrown.com
                                        molsen@mayerbrown.com
                                        cdoyle@mayerbrown.com
                                        (312) 782-0600 (t)
                                        (312) 701-7711 (f)

                                        *Attorneys for Defendant
                                        Medtronic, Inc.*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NOTICIA C. HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| MEDTRONIC CO. CRD LEGAL | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF KEYNA P. SKEFFINGTON

I, Keyna P. Skeffington, having been duly sworn on oath, hereby depose and state as follows:

1.    I am Assistant Secretary for Medtronic, Inc.

2.    Medtronic, Inc. is a corporation organized and existing under the laws of the State of Minnesota.

3.    A true and correct copy of a certificate of good standing issued by the Minnesota Secretary of State's Office demonstrating that Medtronic, Inc. is in good standing as of the date of such certificate is attached hereto as Exhibit 1.

4.    Medtronic, Inc.'s principal place of business is located in the State of Minnesota, at 710 Medtronic Parkway, Minneapolis, Minnesota.

5.    Plaintiff's Complaint names "Medtronic Co. CRD Legal Department" as the Defendant in this case.  No such entity exists.  However, Medtronic, Inc. does have an unincorporated business unit known as the Cardiac Rhythm Disease Management ("CRDM") Division.

1

FURTHER AFFIANT SAYETH NOT.

KEYNA P. SKEFFINGTON

Subscribed to and sworn
Before me this _7th_ day of
July, 2008

Notary Public



ANNE MARIE SEDERSTROM
Notary Public
Minnesota
My Commission Expires January 31, 2010

# EXHIBIT  1

## State of Minnesota

# SECRETARY OF STATE

### Certificate of Good Standing

I, Mark Ritchie, Secretary of State of Minnesota, do certify that:  The corporation listed below is a corporation formed under the laws of Minnesota; that the corporation was formed by the filing of Articles of Incorporation with the Office of the Secretary of State on the date listed below; that the corporation is governed by the chapter of Minnesota Statutes listed below; and that this corporation is authorized to do business as a corporation at the time this certificate is issued.

Name: Medtronic, Inc.

Date Formed:  04/23/1957

Chapter Governed By:  302A

This certificate has been issued on 12/28/07.



*Mark Ritchie*
Secretary of State.

# EXHIBIT B

Complaint-Verified  (This form replaces CCMD-8A)                    CCM N008-150M-1/21/04 (3335092)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Noticia Cooper Hicks
                                   Plaintiff(s)

No. 08M62632

v.

Contract _____

Medtronic company CRO
Legal Dept
710 Medtronic Parkway
Mennoapolis Mennsota 55430
                                   Defendant(s)

Amount Claimed $ 100,000 00

Return Date June 30 08

### COMPLAINT

The Plaintiff(s) claim(s) as follows: Your Honor, please Hear,

Since I got My defebrillator, I was
schock 26 innappropiate times, I have
Lost My life, I have ~~Short~~ shut dow
~~completly~~ Conpleatly. My life is A mess
I afraid if I move I will be shock
the doctors Con't Make Me believe I
Wont be. since putting My heart Rate to
250 — if it Gose that I'm dead anyway

I, Noticia C. Hicks, certify that I am the _____
        (Name)                                      (Name of Attorney if applicable)
plaintiff in the above entitled action.  The allegations in this complaint are true. thank you

Pleas see Attach Letter

Atty. No.: _____     Pro Se  99500     Dated: _____
                                                            a Dr. Report
Atty. (or Pro Se Plaintiff)
Name: Noticia C Hicks                        _____
Address: 216 marlette st                           Signature
City/State/Zip: Parkforest Ill
Telephone: 708 747 3800

☐  Under penalties as provided by law pursuant to 735 ILCS 5/1-109
    the above signed certifies that the statements set forth herein
    are true and correct.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Search

# Medtronic Sprint Fidelis® Defibrillator Lead Recall Lawsuit

Send to Friend | Bookmark | Live Chat

Medtronic Recall Resources



08M62632

**S&C Related Contents**

Sprint Fidelis® Lead Recall

**>> Medtronic Recall**

**U.S. Food & Drug Administration**

Statement on Medtronic's Voluntary Market Suspension of Their Sprint Fidelis Defibrillator Leads

**Medtronic Recall Press Release (11/15/07)**

Medtronic Voluntarily Suspends Distribution of Sprint Fidelis® Defibrillation Leads

**Medtronic has suspended sales of the Sprint Fidelis® family of defibrillator leads because of the potential for lead fractures, reports of at least 5 patient deaths and other serious, life-threatening complications.**

The Sprint Fidelis® lead has been implanted in approximately 268,000 people worldwide. The Sprint Fidelis® lead may have also been used to connect defibrillators manufactured by other companies such as Guidant, Boston Scientific, and St. Jude.

*The U.S. Food & Drug Administration (FDA) is recommending that patients who have had the Sprint Fidelis® lead implanted should contact their physician immediately, especially if they have experienced*

http://www.schmidtandclark.com/Medtronic/                                     10/31/2007

Hicks, Noticia        12/06/05  Dr. Kieso/Bgr                    *1046266

## WellGroup HealthPartners

HISTORY:  Ms. Hicks came to the office today after she was admitted with
a defibrillator shocks earlier to Olympia Fields Hospital. Today she
said that she is doing well. She has no further episodes, but does have
some shortness of breath on heavy exertion.

System review, past medical history, social history, family history,
medications and allergies the same as my earlier notes.

PHYSICAL EXAMINATION:  On examination, patient is alert and oriented in
no acute distress. Blood pressure was 118/70. Heart rate was 60 per
minute. Respiration 14. HEENT: Pupils are equal, reactive to light and
accommodation. Extraocular muscles intact. Skin is warm and dry. JVP is
not elevated. No carotid bruits. No lymphadenopathy, no goiter. Spine:
No kyphosis or scoliosis. Lungs, bilaterally are clear. Heart: PMI is
nondisplaced. No palpable lifts or thrills. On auscultation, S1, S2, no
gallops, no murmurs. Abdomen is soft, nontender. No masses palpable.
Bowel sounds are normal. Extremities: No clubbing, cyanosis or edema.
Peripheral pulses are intact. Neurological exam: No focal signs.

IMPRESSION:
1.    Shortness of breath.
2.    Severe left ventricle dysfunction.
3.    Automatic implantable cardioverter-defibrillator.
4.    Hypertension.
5.    Premature ventricular contractions.

PLAN:
1.    We were going to give a flu shot, but the patient is currently
      having a chest infection according to her.
2.    She needs a pneumonia vaccine.
3.    I was going to start her on aspirin 325 mg a day, but she says that
      she is allergic to aspirin.
4.    I will see her in 3 months with a new echo and if the left
      ventricle function is as bad as it was before then she may be a
      candidate for Coumadin therapy.    (HK/Bgr)

Job #: 2445749 DCR: 12/06/05  DCL: 12/06/05  DT: 12/11/05

08M62632

1. Dilated cardiomyopathy with low ejection fraction, status post AV-ICD placement.
2. Hypertension.
3. Anxiety.
4. Ethanol abuse.

PAST SURGICAL HISTORY:
1. Total abdominal hysterectomy.
2. AV-ICD placement in the right shoulder area.
3. Partial thyroidectomy.
4. Orthopedic surgery to the left foot due to motor vehicle accident.

**08M62632**

SOCIAL HISTORY: The patient admits smoking two to three cigarettes per day. She admits to occasional use of alcohol. She denies any illicit drug use.

FAMILY HISTORY: The patient's mother and father died with a history of diabetes.

HISTORY OF PRESENT ILLNESS: Ms. Cooper Hicks is a 55-year-old African American female who according to her history has dilated cardiomyopathy with low ejection fraction for which she received AV-ICD because she was felt to be in an increased risk for cardiac death. The patient was admitted to the hospital last week for suicidal ideation. During her workup in the ER, the patient was inappropriately shocked for supraventricular tachycardia. Since then, the patient states that she has been asymptomatic and no more episodes of defibrillation took place. The patient denies chest pain, shortness of breath, palpitations, diaphoresis, lightheadedness, dizziness, PND, orthopnea, nausea, vomiting, abdominal pain, or claudication.

PHYSICAL EXAMINATION:
Vital signs: Temperature is 97.4, heart rate is 80, respiratory rate is 14, and blood pressure is 122/64. The patient is 73 inches tall, weight is 245 pounds, and BMI is 32.3 kg/m2.
General: The patient is awake, alert, and oriented x3, in no acute distress.
HEENT examination: The patient is normocephalic and atraumatic. Mucous membranes are moist. Pupils are reactive to light. Extraocular movements are intact. No signs of icterus.
Neck examination: The patient has no signs of JVDs. No carotid bruits are auscultated. No mass or lymphadenopathy is present. Trachea is midline.
Lung examination: The patient's lungs are clear to auscultation bilaterally. No wheezing, rales, or rhonchi are present.
Heart examination: The patient has normal S1 and S2 heart sounds. No S3 or S4 gallops. The patient's PMI is nondisplaced. No murmurs, rubs, or clicks are appreciated.
Abdominal examination: The patient's abdomen is obese, soft, nontender, and nondistended. Bowel sounds are normal. No masses are palpated. No bruits are auscultated.
Extremities: The patient has no signs of cyanosis, clubbing, or edema. Pulses are strong and equal bilaterally in both upper and lower extremities.
Neurologic examination: Nonfocal.

LABORATORY DATA AND STUDIES: The patient's EKG in our clinic today shows sinus rhythm with PVCs and intermittent pacing. Left atrial enlargement is present with left ventricular hypertrophy.

PACEMAKER EVALUATION:
ICD interrogation: The patient has EnTrust D154ATG Medtronic Device. Battery voltage 3.14 volts. Last energy charge 8.1 seconds. Pacing impedance in the atrium 384 and in the right ventricle 488. Defibrillation impedance; RV 45 and SVC 57. P wave 5. R wave 13.1. Sensitivity 0.3 millivolts in the atria and 0.3 millivolts in the ventricle. Threshold 3 volts at 0.4 milliseconds in the atrium and 3 volts at 0.4 milliseconds in the ventricle. Mode is AAIR with mode-switch to DDDR. There was one

This patient returns for review of CardioNet and for ICD evaluation.

IMPRESSION:
1. History of dilated cardiomyopathy with low ejection fraction status post AV-ICD placement as per history given by the patient. The patient had inappropriate shocks in the past, which have stopped since we last saw her in March 2007, and we made the programming changes of her device. ICD shocks are secondary to supraventricular arrhythmias.
2. Hypertension, on medical treatment.
3. Anxiety, treated by medications.
4. Echocardiogram in March 2007 shows EF of 50% to 55% with mildly dilated ventricle and no significant valvular disease.
5. Atrial tachycardia, status post EP study by Dr. Mitchell in October 2007 with the patient being noninducible and being placed on medical therapy with sotalol and Cardizem.
6. Probable atrial fibrillation, paroxysmal.

RECOMMENDATIONS:
1. Continue sotalol and Cardizem.
2. At this point, I would not recommend a repeat procedure unless the patient is either miserable or continues to get shocks.
3. Follow up in three months.

MEDICATIONS:
1. Clonazepam 1 mg twice a day.
2. Sotalol 120 mg twice a day.
3. Hydrochlorothiazide 25 mg daily.
4. Warfarin 5 mg daily.
5. Diovan 160 mg daily.
6. Potassium chloride 20 mEq daily.
7. Wellbutrin 300 mg daily.
8. Cartia, dose unknown, once per day.

Page 1 of 3        Notica Cooper Hicks        DOB: 5/19/1951        21137275        DD: 1/22/2008 9:53:07 AM

episode of supraventricular tachycardia documented. No episodes of defibrillation. The patient's VT is on at 180 to 200 beats per minute. VF is on; it is more than 200 beats per minute.

It was a pleasure to see you patient, Ms. Noticia Hicks, in our clinic today and participate in the medical care of this very interesting patient.

Dictated by Dr. John Xenidis.

_____
J. Daniel Andress, M.D. /Date

2120 - Served  2220 - Not Served    2620 - Sec. of State
2121 - Alias Served    2221 - Alias Not Served    2621 - Alias Sec. of State
**Summons** (This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCMD 0648, and CCMD 0649-2 thru 6)    CCM N649-60M-9/15/06 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
_____ MUNICIPAL DISTRICT

**Name All Parties**

*Noticia Cooper Hicks*
                                **Plaintiff(s)**

        v.

*Medtronic CEO Legal
Dept*
                                **Defendant(s)**

*710 Medtronic Parkway*
*Minneapolis menn 50t4 55432*
                 **Address of Defendant(s)**

Case No. **08M62632**

Amount Claimed: $ *100,000 ⁰⁰*

Appearance Filing/Return Date:

Status Date: *6/30/08*

Trial Date: _____

Time: *10:00AM*  Room: *208*

### SUMMONS

To each Defendant: *Medtronic Legal Group Dept Jon Symayet
company  Red*

**YOU ARE SUMMONED and required:**

  1. To file your written appearance by yourself or your attorney and pay the required fee in:

☐ **District 1:** Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ **District 2:** 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077    ☐ **District 5:** 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ **District 4:** 1500 Maybrook Dr., Rm 236; Maywood, IL 60153 *Markham Court, Markham 60 C.*

on _____, _____, between the hours of 8:30 a.m. and 2:30 p.m.;

☐ **District 3:** 2121 Euclid, Rm 121; Rolling Meadows, IL 60008  ☒ **District 6:** 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428

on _____, _____, before 9:00 a.m.

  2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

  This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance.  If service cannot be made, this summons shall be returned so endorsed.

  This summons may not be served later than 3 days before the day for appearance.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.  SEE FEES ON THE REVERSE SIDE OF THIS FORM.**

Atty. No.: _____
Name: *Noticia Cooper Hicks*
Atty. for: _____
Address: *216 Marietta St*
City/State/Zip: *Park Forest Ill 60466*
Telephone: *708 747 3860*

WITNESS **DOROTHY BROWN** JUN 1 6 2008

_____
**DOROTHY BROWN, Circuit Court Clerk**

Date of Service: _____, _____
(To be inserted by officer on copy left with Defendant or other person)

| SEE REVERSE SIDE |
|---|

**\*\* Service by Facsimile Transmission will be accepted at:** _____
                                            (Area Code)     (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 - Served         2220 - Not Served      2620 - Sec. of State
2121 - Alias Served   2221 - Alias Not Served 2621 - Alias Sec. of State    CCM N081-100M-1/20/06 (

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, _____ DISTRICT

*Noticia Cooper Hicks*
                                    Plaintiff(s)

v.

*Medtronic*

*710 Medtronic*
*Minneapolis, M*

**298**

Case No. *08 M6 002632*

Rent *10000*

* Trial Date: *July 8, 08*     Time:

Court Location: *6501 S Kd*

*alias*

SUMMONS FOR TRIAL

You are hereby SUMMONED to Court, however, you must file your appearance and pay the required fee with the Clerk of the Circuit Court's Office at the court location on this form, on or before the date and before the time of the trial. IF YOU DO NOT FILE AN APPEARANCE and contest the claim, a JUDGMENT BY DEFAULT may be entered for the relief requested in the complaint, ordering that you be evicted. If judgment is entered against you, the SHERIFF may evict you. A money judgment may also be entered against you if requested in the complaint.

The Plaintiff(s), named above, has/have filed a complaint in this Court to have you evicted. A true and correct copy of the complaint is attached.

THEREFORE, you, the Defendant(s), after you have filed an appearance, are hereby summoned to appear in person before this Court on* *Markham Court* _____ at / (a.m.)(p.m.) in Courtroom *208* at *District 6/16501 S Kedzie, Ku   Markham Il* at which time and place a
                        (Court location)
TRIAL will be held on the complaint. (See top of this form if blanks not filled in).

*Not less than 7 days nor more than 40 days after issuance of summons.

SEE FEES ON THE REVERSE SIDE OF THIS FORM.

**INSTRUCTIONS TO SHERIFF**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than seven (7) days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than seven (7) days before the trial date.

Atty. No.: _____          WITNESS _____
Name: *Noticia C Hicks*
Atty. for: _____
Address: *216 Minnesota St*
City/State/Zip *Park Forest*
Telephone: *708 747-3860*

THY                                        K. ____, ILLINOIS

This form replaces CCMD-81, & 81 A, CCM1-81 & 81A                        (OVER)

This form replaces CCMD-81, & 81 A,  CCM1-81 & 81A

## IMPORTANT INFORMATION FOR DEFENDANTS

## THIS IS AN EVICTION SUMMONS

On the date and at the time shown on the other side, the court will decide whether you will have to move or whether you can continue to stay.  YOU MUST BE ON TIME FOR COURT.  HAVING TO GO TO WORK, BEING ILL, OR DOING SOMETHING ELSE DOES NOT MEAN YOU CAN MISS COURT.

APPEARANCE FEES INCLUDE A COUNTY LAW LIBRARY FEE OF $13.00, THE COURT AUTOMATION FEE OF $15.00, A DOCUMENT STORAGE FEE OF $15.00 AND THE MANDATORY ARBITRATION FEE OF $10.00 WHERE APPLICABLE.

JURY FEES ARE AS FOLLOWS:

$1,500.00 OR LESS
$1,500.00 TO $15,000.00
MORE THAN $15,000.00

## IF YOU DON'T COME TO COURT

The court may order you to move within a short period of time.  IF YOU DON'T MOVE, your landlord can have the SHERIFF move you and all of your belongings out.  The sheriff will put your property outside and you will have to make arrangements to move it somewhere else.

may ca                                          be able to provide you with free legal help:

Participating agencies of the Housing Advocacy Consortium: Cabrini-Green Legal Aid; CARPLS; Chicago Lawyer's Committee for Civil Rights; Lawyers' Committee for Better Housing, Inc.; Legal Assistance Foundation of Metropolitan Chicago; Metropolitan Tenants Organization and National Center on Poverty Law.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CERTIFICATE OF SERVICE

I, Daniel L. Ring, an attorney, certify that I caused a copy of the attached Defendant, Medtronic, Inc.'s Notice of Removal to be served by sending the same by certified mail, return receipt requested, postage prepaid, and by overnight mail on July 7, 2008, addressed to the following:

Noticia Cooper Hicks
216 Marquette Street
Park Forest, Illinois 60466

/s/ Daniel L. Ring
Daniel L. Ring

6